**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

CALVIN BOYCE,                              *
                                          *
                    Plaintiff,            *
v.                                        *
                                          *
CAROLYN W. COLVIN, Acting                 *        No. 3:14CV00194-JJV
Commissioner, Social Security             *
Administration,                           *
                                          *
                    Defendant.            *

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff, Calvin Boyce, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for supplemental security income benefits under Title XVI of the Social Security Act. On March 10, 2015, the Court held oral argument at Plaintiff's request. Mr. Greg Wallace, Esq., appeared by telephone for Mr. Boyce. Special Assistant United States Attorney Mark J. Kingsolver appeared by telephone for the Commissioner. The attorneys are commended for their diligence in this matter. For reasons set out below, the decision of the Commissioner is AFFIRMED.

## I.        BACKGROUND

On January 6, 2012, Plaintiff protectively filed for benefits due to a learning disability, inability to read or write, visual and auditory hallucinations, and inability to be around people. (Tr. 131) His claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on April 8, 2013, where Plaintiff appeared with his lawyer, and testified. (Tr. 37-55)

The ALJ issued a decision on June 19, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 12-17)  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  (Tr. 1-3)

Plaintiff, who was forty-three years old at the time of the hearing, has a high school education and past relevant work experience as a construction laborer.  (Tr. 39, 140)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 6, 2012, but there were "no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment."  (Tr. 14)  Accordingly, the ALJ determined that Plaintiff was not disabled under the Act.

## III.     ANALYSIS

### A.     Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[1]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[2]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[3]

---

[1]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[2]*Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[3]*Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

**B.    Substantial Evidence**

Plaintiff argues it was error in this case for the ALJ to conclude he did not have any "severe" impairment.  (Pl.'s Br. 7-12.)  The Commissioner counters that the ALJ actually determined Mr. Boyce "had no medically determinable impairment," and, since he failed to squarely address this finding he has waived objection to the ALJ's decision.  (Def't.'s Br. 3.)  In either case, the critical issue is whether the ALJ correctly determined there was no credible evidence to support a claim of disability.  Given a close review of the evidence in the case, the Court concludes that the ALJ's determination is supported by substantial evidence.

Under the Act, a claimant is "not disabled" if he has no "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ."[4]  "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two," and the analysis ends.[5]  Plaintiff has the burden of establishing that the impairment or combination of impairments are severe.[6]  He may do so by providing credible evidence of a "medically determinable impairment."  But, as the ALJ concluded, "There are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment."  (Tr. 14.)

There is a dearth of medical records to support Plaintiff's claims and the record is replete with contradictions that weigh against the legitimacy of his case.  Below are a few examples:

•    At a 2010 evaluation, Plaintiff denied any history of auditory or visual hallucination.

---

[4]20 C.F.R. § 404.1520(c).

[5]*Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

[6]*Id.*

He also denied having ever been diagnosed with mental disorders or impairments. Yet, he testified that he has had hallucinations since childhood, and they were controlled with medication at that time. (Tr. 54, 255, 257)

• In 2012, an examining doctor noted that Plaintiff held his back in a "dramatic manner as he left the office" and walked down the hall, but stopped holding it "immediately upon exiting the front door of the office building." (Tr. 264-265)

• Plaintiff told an examining doctor that his back and leg pain prevent him from being able to sit for extended periods, yet he testified that his daily activities involve sitting and thinking in his backyard. (Tr. 46, 263)

• Plaintiff worked on the hoe squad in prison, while suffering from his alleged back problem. (Tr. 51-52) Also, he testified that he likes doing yard work. (Tr. 255) The fact that Plaintiff was able to work with his alleged impairments weighs against his claim that they are disabling.[7] Additionally, "the mere fact that working may cause pain or discomfort does not mandate a finding of disability."[8]

• Plaintiff neither seeks treatment[9] nor takes medication[10] for his alleged impairments.

---

[7]*Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) ("Working generally demonstrates an ability to perform a substantial gainful activity.").

[8]*Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

[9]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[10]*Smith v. Colvin*, 756 F.3d 621, 626 (8th Cir. 2014) (lack of narcotic medications can be considered when weighing credibility of claims).

Though he claims he cannot afford to see a doctor or get medication, he testified that he has not sought out no or low cost treatment.[11] (Tr. 45)

• At two mental evaluations – one in 2010 and the other in 2012 – both doctors concluded that Plaintiff malingered, tried to "appear more impaired than he actually is," and exaggerated his weaknesses. (Tr. 255, 267)

• One doctor noted Plaintiff's lack of desire to work, rather than his inability to work. (Tr. 258)

• A 2010 physical examination revealed normal gait and strength, as well as a negative straight leg raises. (Tr. 251)

• Plaintiff told one doctor that he has four children, and is in contact with three of them. However, he told another doctor that he *thinks* he has five children but does not know any of them. (Tr. 255, 264)

• Plaintiff told one doctor that he has had only one alcoholic drink in his life, but he testified that he has had four DUIs – all which involved drinking. (Tr. 53, 264)

In sum, rather than containing reliable treatment records,[12] the record is replete with examples of Mr. Boyce not being truthful and malingering. While this is an unusual decision, the numerous inconsistencies and malingering provided substantial evidence to support the ALJ's finding there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment or that Plaintiff's alleged impairments had no more than a minimal effect on his ability to work.

---

[11]*Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (rejecting claimant's position that he could not afford medication when "there is no evidence to suggest that he sought any treatment offered to indigents . . . .).

[12]The only records in the file were a physical examination and two mental examinations all done at the behest of the Social Security Administration

**IV.    CONCLUSION**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 11th day of March, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE